## MARTIN vs. BRANCH BANK at DECATUR.

[BILL IN EQUITY BY CREDITOR TO ENFORCE IMPLIED TRUST.]

1. *Implied trust in favor of creditor.*—If a debtor deposits in the hands of his surety a note on a third person, as an indemnity against liability, and the surety transfers such note to another person, who is cognizant of the trust, the latter becomes a trustee, by implication of law, for the benefit of the creditor, as to the sums collected on the note.

2. *Statute of limitation bars implied trust.*—The statute of limitations of six years is, unless avoided, a complete bar in equity to the enforcement of an implied trust relative to personal property.

3. *Statute not avoided by creditor's ignorance.*—An allegation in a bill filed by a creditor, seeking to enforce an implied trust in the proceeds of a note, which was placed by the principal debtor in the hands of his surety as an indemnity, and transferred by the surety to the defendant, "that the foregoing facts, relative to said note and the transfer thereof to defendant, have only come to complainant's knowledge within two years before the filing of the bill," is not sufficient to avoid the bar of the statute of limitations, when no fraud is alleged.

APPEAL from the Chancery Court at Bellefonte.
Heard before the Hon. A. J. WALKER.

THIS bill was filed by the Branch Bank at Decatur, seeking to enforce an implied trust, against Daniel M. Martin, in the proceeds of a certain note executed by A. C. Austin, payable to William G. Martin, and by him

endorsed to said Daniel M. Martin, who was the brother of said William Martin. The consideration of this note was the purchase by said Austin of a stock of goods from Henry T. Davis & Co., at whose request it was made payable to said William Martin, and by whom it was placed in the hands of said William Martin, as a partial indemnity against his liability as surety of Davis & Co., on a debt due to said Branch Bank at Decatur. The liability of Daniel M. Martin to the complainant, for the proceeds of this note, is made to rest on his knowledge, at the time of its transfer to him, of the purposes for which it was held by said William G. Martin. A part of the proceeds of this note was collected by the defendant more than six years before the bill was filed, and a part within less than six years. The bill alleged, "that the foregoing facts, relating to said note of A. C. Austin to William G. Martin, and the transfer thereof to said Daniel M. Martin, have only come to complainant's knowledge within two years before the filing of this bill." The defendant demurred to the bill, for want of equity, and because the complainant's demand was barred by lapse of time; and also pleaded the statute of limitations, both of six and of three years.

The cause was first heard before Chancellor Townes, who overruled the demurrer to the bill, and rendered a decree on the merits for the complainant; and his decree was in all things affirmed, on petition for rehearing, by Chancellor Walker. The overruling of the demurrer to the bill, and the final decree for the complainant, are now assigned as error.

Robert C. Brickell, for the appellant.—The statute of limitations is a bar to the relief sought by the bill. The facts alleged create an implied trust.—2 Story's Equity, § 980. Implied trusts are within the statute of limitation. Angell on Limitations, 508; 23 Ala. 358. The only ground on which an exemption from the operation of the statute is claimed, is the plaintiff's ignorance, until within two years before the filing of the bill, of the facts on which the right of action depends. When the plaintiff's

case is, *prima facie*, within the statute, if there be any cause for excepting the case out of the statute, such cause must be alleged in the bill.—8 Porter. 212 ; 5 Ala. 90. The plaintiff's ignorance of the cause of action, until the statute has perfected a bar, does not prevent the. operation of the statute.—Angell on Lim. 195–202 ; 9 Greenl. 108 ; 9 Pick. 246. The statute is a good plea. in equity, as well as at law, and is equally obligatory on both courts; and whenever the claim, if purely legal, would be barred, a court of equity will apply the legal rule, unless something intervenes which ought, in conscience, to prevent the party from relying on the statute.—7 John. Ch. 89 ; 2 Story's Eq. § 1520 ; 17 Vesey, 87.

Fraud, concealed, prevents the operation of the statute in equity.—25 Ala. 161. But this exception rests upon the reason, that the conscience of the party is so affected that he ought not to be permitted to avail himself of the statute ; not upon the idea that the court has power to dispense with the statute on account of the hardship of the particular case, but on the intelligible principle, applicable at law as well as in equity, that no one shall be permitted to take advantage of his own wrong. Trusts, created by contract, are not within the statute ; for, so long as they are recognized, there is no room for the operation of the statute ; and, when once created, a recognition is presumed, until a disavowal and knowledge thereof brought home to the beneficiary ; and after such disavowal, the relation of trustee and beneficiary no longer exists, and the statute operates. But mere ignorance of the right can never be received as an excuse for not suing within the prescribed period, unless that ignorance is attributable to the act of the opposite party. The ignorance in this case is not alleged to have been superinduced by the defendant; hence, if there was proof tracing such ignorance to him, it would not avail the plaintiff, but would be inadmissible.

At law, if the defendant does not, by some active. expedient, used for the purpose of concealing the fraud, prevent the plaintiff from obtaining a knowledge of the right of action, the statute is a bar.—9 Greenl. 108 ;

13 Sm. & Mar. 328; 15 Ala. 72, 194; 11 Ala. 679; 17 Ala. 472; 9 Barn. & Cress. 149; 3 Barn. & Ald. 626; 11 Gill & John. 367. In this respect, equity follows the law.—1 How. (U. S.) R. 189. The chancellor decided, that it was the defendant's duty to inform plaintiff of the trust; and that his omission to give this information was a fraud, which deprived him of the benefit of the statute. It might be said, with equal justice, that a man who fails to pay his debt shall not plead the statute, because that failure is a breach of an obligation; an obligation, too, which is higher in point of law than that resting on this defendant, because it springs out of a contract, while his arises only by operation of law, and in opposition to his contract. An attorney-at-law, who has collected and converted his client's money, may plead the statute; and his client's ignorance of the conversion, until after the completion of the statutory bar, is no answer to the plea.—21 Ala. 376; 13 Sm. & Mar. 328.

In cases of mistake, equity will sometimes give relief, notwithstanding the statutory bar; but the party complaining of such mistake is required to show that it was not discovered until after the statute had perfected a bar, and that it could not, by the exercise of reasonable diligence, have been sooner discovered.—7 B. Monroe, 561. So, in cases of fraud, the party complaining must show a concealment of the fraud, and that he could not, by the exercise of reasonable diligence, have obtained a knowledge of it within the statutable period.—Angell on Lim. 195; 9 Pick. 246; 1 Story's Rep. 215; 25 Ala. 161. This rule cannot be relaxed on account of the plaintiff's ignorance of his cause of action. If, in cases of mistake and fraud, he is required to show a discovery, and reasonable diligence to make the discovery earlier; certainly, when he sets up ignorance, he should be required to show that such ignorance was not the result of his own laches; and further, "the time when" his right was discovered, "how discovered, and what the discovery is."—1 Story's Rep. 215; Carr v. Hilton, 1 Curtis, 230; Stearns v. Page, 7 How. (U. S.) R. 819; Veazie v. Williams, 3 Story, 612.

In this case, it is evident that the plaintiff could have discovered the alleged cause of action six years before the filing of the bill, as easily as within two years. What was there to prevent such discovery? There was no concealment—no *suppressio veri*, or *suggestio falsi*. The whole transaction was attended with as much publicity as usually attends such transactions. What occurred within two years before the filing of the bill to quicken the plaintiff's diligence? If it had exercised two years before the diligence it was then exercising, would not the facts have been discovered? Even if the defendant's failure to inform plaintiff of the trust was a fraud, it is a constructive, not an actual fraud; and such frauds are within the operation of the statute.—5 Humph. 293 ; 9 Pick. 246.

C. C. CLAY, JR., and J. W. CLAY, *contra.*—A voluntary conveyance, by one indebted at the time, is fraudulent as to existing creditors.—High v. Nelms, 14 Ala. 353 ; 6 Ala. 507 ; 3 Porter, 196. In such case, fraud is a presumption of law, which cannot be repelled by circumstances. Here, so far as the proof goes, the transfer by Wm. G. Martin to the defendant was voluntary. There is no proof of indebtedness by said Wm. G. to defendant, except by the deposition of Wm. G. himself. Being an affirmative allegation, not responsive to the bill, but in avoidance of it, full proof was necessary.—Branch Bank at Huntsville v. Marshall, 4 Ala. 60. Besides, Wm. G.'s deposition bears falsehood on its face, and is contradicted by other evidence in the case.

But, if the transfer of the note was not purely voluntary, and, therefore, fraudulent in law, yet the answer and proof show that it was fraudulent in fact. The statute of limitations does not run, as in favor of a fraudulent vendee or donee, against the creditors of the vendor or donor. Powell v. Wragg & Stewart, 13 Ala. 161. At all events, the statute does not run until the discovery of the fraud by the creditor, or where he could not, by the exercise of reasonable diligence, have discovered the fraud within the period of the statutory bar.—Snodgrass v. Branch Bank at Decatur, 25 Ala. 161.

At all events, the fraud not being discovered by the complainant, and he having no knowledge of the existence of his rights, till within two years before suit brought, the statute does not bar, for it only commences to run from the discovery.—2 Story's Equity, § 1521; Story's Eq. Pl. § 754; 2 Dan. Ch. Pr. 735; Hatfield v. Montgomery, 2 Por. 73; 6 Wheat. 497; 2 Sch. & Lef. 634; 3 P. Wms. 143; 2 Y. & C. 58. Defendant did not advise complainant of the manner in which he obtained the notes, did not inform him of his rights, and did not do anything to put him on inquiry; and his silence amounted to a fraud.

Was not the note transferred in trust for plaintiff's benefit? If so, no length of time would bar the right or remedy. The statute is not a bar as between the trustee and beneficiary.—14 Ala. 315. Those trusts which are peculiarly and exclusively within the jurisdiction of a court of equity, are not within the operation of the statute.—Maury v. Mason, 8 Porter, 222. The statute does not bar in equity, except when the corresponding remedy at law is barred; and in this case plaintiff could maintain no action at law.

The allegations of the answer negative the plea of the statute. It admits that as much as $175 was received within the six years next before the bill was filed. The statute of three years does not apply to the case. If the statute of six years applies, this discovery in the answer would avoid the bar.

RICE, C. J.—By the decree of the chancellor, the complainant was held entitled to recover from the respondent the several sums which he had collected upon the note executed by A. C. Austin to William Martin, and transferred by said William to the respondent. We shall confine ourselves to an examination of the correctness of that decree. Looking only to those allegations of the bill which are either proved or virtually admitted, the right of the complainant rests upon the following facts: In 1837, Henry T. Davis & Co., as principals, and William Martin and certain other persons, not parties to this suit,

as sureties, became indebted to complainant, in the sum of $7,112 38. Davis & Co. sold to A. C. Austin the remnant of their stock of goods, for the sum of $1100, on time; and, at their request, he executed his note for said sum of $1100 to the said William Martin, as an indemnity, or security, in part, against said debt of $7,112 38. Said William Martin received said note on Austin as such indemnity or security, and afterwards, in March, 1839, transferred said note to his brother, the respondent, who was well acquainted with the circumstances by which said note came to the possession of the said William Martin, and who, with knowledge that said note was a trust claim in the hands of said William as aforesaid, collected the whole of it from Austin, and applied the money to his own use,—part of it having been collected by respondent more than six years before the bill was filed, and part collected within six years before the bill was filed. In 1840 the complainant obtained judgment, in the circuit court of Morgan county, on the indebtedness of $7,112 38, against the principals and sureties, and duly sued out a *fieri facias*, which was returned by the proper officer "no property found."

Upon the foregoing facts, a right accrued to the complainant, to recover from the respondent the several sums collected by him on the Austin note. That right accrued, as to each sum so collected by him, as soon as he collected it. As to those sums, he was the trustee of the complainant; but he acquired his character of trustee only by implication. No express or direct trust as to him is shown. The right of the complainant, as against him, is founded entirely upon an *implied trust*. And beyond all doubt, the statute of limitations of six years is, in a court of equity, applicable to this case, and to all other cases of *implied trust in relation to personal property;* and the right of action, in equity, will be considered as barred in six years, in analogy to the limitation at law, unless the bar, when set up as a defense, is avoided by matter alleged in the bill and duly established.—Maury v. Mason, 8 Porter's Rep. 211; Tarleton v. Goldthwaite, 23 Ala. 346; Lewin

on Trusts, 611 ; 2 Story Eq. Jur. §§ 1520, 1520 *a ;* Story's Eq. Pl. § 757 ; Bond v. Hopkins, 1 Sch. & Lefr. 429 ; Hovenden v. Lord Annesley, 2 *ib.* 607 ; Smith v. Clay, Ambler's Rep. 645 ; Beckford v. Wade, 17 Vesey, 96 ; Farnam v. Brooks, 9 Pick. Rep. 212.

The respondent pleads and relies on the bar ; and it remains for us to determine whether it is avoided, as to the sums collected more than six years before the commencement of the suit, by any matter alleged in the bill. The only allegation of the bill, which has any material bearing upon that question, is in the following words : "Complainant avers, that *the foregoing facts,* relating to said note of A. C. Austin to said William G. Martin, and the transfer thereof to the said Daniel M. Martin, have only come to complainant's *knowledge* within two years before the filing of the bill." The bill does not state a case of secret fraud, nor contain any averment that the transfer of the note to the respondent was made with intent to defraud, or that the cause of action was fraudulently concealed. Its averments do not amount to a denial of *constructive* notice of each cause of action at the time it accrued. It simply avers a want of *"knowledge"* of *the particular facts* specially stated in the bill, without asserting want of *notice,* or ignorance of other facts, notice or knowledge of which might be good constructive notice of each cause of action at the time it accrued.—Hill on Trustees, 510, 512. We feel constrained to hold, that the allegation of a want of *"knowledge"* of *the particular facts* stated in the bill, is not equivalent to an allegation of want of notice of the cause of action ; that the complainant's mere ignorance of those particular facts will not avoid the bar of six years, as to the sums collected by respondent more than six years before the bill was filed ; and that, as the bill does not allege any matter which is sufficient to avoid the bar as to those sums, the complainant's remedy as to them is lost.—Maury v. Mason, 8 Porter's Rep. 227 ; Johnson v. Johnson, 5 Ala. 90 ; Carr v. Hilton, 1 Curtis' Rep. 390 ; Fisher v. Boody, *ib.* 218 ; Steairns v. Page, 7 How. U. S. Rep. 829 ; Wagner v. Beard, *ib.* 241 ; Farnam v. Brooks, *supra.*

The decree of the chancellor is erroneous, and must be reversed; and a decree must be here rendered, in favor of the complainant, for such sum or sums only as may have been collected by the respondent, on the said note executed by A. C. Austin to William G. Martin, in the pleadings mentioned, within six years next before the filing of the bill, and interest on such sum or sums from . the time of the collection; and referring it to the registrar of the chancery court of Jackson county, to ascertain and report to the next term of said chancery court such sum or sums, and the time when collected, and the interest accrued thereon from the time of collection to the time of making his report. Upon the confirmation of the report, execution must issue for the amount reported in favor of complainant, against the respondent. The respondent must pay the costs of the court below; and each party must pay one half of the costs of the appeal to this court.