## Lucas *v.* Skinner, *et al.*

### Bill for an Accounting and Redemption.

(Decided November 4, 1915.   70 South. 88.)

*Mortgages; Redemption; Bill; Laches.*—Where intestate of complainant mortgaged the land owned by him in 1886, and in 1896, induced the ancestor of respondent to buy in the mortgage, and it was assigned to him under an agreement that he would not collect, nor foreclose, although the debt was overdue, but would take possession, collect the rents, pay the taxes and charges, and apply the residue to the payment of the mortgage debt, and he continued in possession on such terms until his death in 1903, and administration was not granted on his estate until 1908, and his heirs remained in possession, and the mortgagor died in 1911, and in 1913 his administratrix filed a bill against the heirs of the assignee for an accounting and redemption, the bill was properly dismissed on the ground of laches, independently of the statute of limitation.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Bill by Decimas Lucas as administratrix of the estate of Smith Lucas, against Milly Boykin Skinner, and oth-

ers, heirs of W. H. Skinner, for an accounting and to redeem from an unforeclosed mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

C. B. POWELL, I. I. CANTERBURY, and ELMORE & HERBERT, for appellant.

MCDANIEL & WHITFIELD, and WILLIAM CUNNING-HAME, for appellee.

McCLELLAN, J.—The appeal is from a decree sustaining demurrers to the amended bill, which sought an accounting, and thereupon redemption from an unforeclosed mortgage on real estate. The conclusion prevailing below was rested upon laches on the part of those who would now invoke to their advantage the powers of a court of equity. The court found apt authority for its judgment in *Snodgrass v. Snodgrass,* 185 Ala. 155, 64 South. 594. The decree was well rendered, as will appear from a condensed recital of the presently material allegations of the amended bill.

Smith Lucas owned the land described in the bill. In December, 1886, he executed a mortgage thereon to Taylor and Johnson. Subsequently, but prior to the year 1896, the mortgagor induced W. A. Skinner to buy the mortgage from the mortgagees. The mortgage was transferred and assigned for value to Skinner. It is averred that, apparently contemporaneously with the assignment of the mortgage to Skinner, Skinner promised or agreed with the mortgagor to not foreclose the mortgage (though the mortgage debt was long since over due), "but would take possession of the lands described in said mortgage, * * * and would rent the same out, collect the rents, and, after paying the taxes and all lawful charges against the lands, would apply the

residue of said rent to the payment of said mortgage debt, which at the time oratrix avers was about the sum of $300;" that the possession of the land contemplated by the agreement was surrendered to Skinner in the year 1896; that Skinner's possession of the land during his life was in recognition of the relation the asserted agreement established, and was never hostile or adverse, but in recognition of Lucas' right to redeem the land; and that Skinner "never made any other claim except the right to collect the rents and profits and apply the same to the satisfaction of said mortgage indebtedness." It alleged that Skinner died in the year 1903. The heirs at law of Skinner remained in possession of land after Skinner's death. Lucas, the mortgagor, died in April, 1911. Letters of administration on the estate of Skinner were granted and issued in the year 1908; but no proceedings were taken in virtue of that authority, the heirs at law of Skinner being of full age, and the estate being unindebted.

This bill, filed March 12, 1913, is by the personal representative of the estate of Smith Lucas, deceased mortgagor, and is against the heirs at law of Skinner. It seeks an accounting, and thereupon redemption under the asserted equity to that end, covering the time from the year 1896—a period of between 16 and 17 years. As the asserted agreement indicates, the accounting sought would involve the ascertainment of the amount of annual rents received from the year 1896 up to the death of Skinner, 7 years late (1903), and the period extending for the year 1903 up to the filing of the bill in March, 1913, would involve, if the element of taxes paid under the alleged agreement should be left out of consideration, because they, annually or in the aggregate, might be definitely ascertained, the matter of the

[Lucas v. Skinner, et al.]

"lawful charges" which the alleged agreement provided should be first paid or discharged out of the gross income from the rentals received from the land. And in this connection the factor of unexcused inaction on the part of Smith Lucas from 1903 until his death in 1911 cannot be ignored. This relief is sought by a bill filed at least 7 years after the adversary in the accounting sought had died. It is too clear to admit of doubt that there can be no longer a safe determination of the matter of accounting here sought. Were the courts to undertake an accounting, it is more than probable that the ends of justice would not be attained.—*Snodgrass v. Snodgrass, supra.* Whether a court of equity will exert its powers in such circumstances is a question submitted to the court's sound discretion; and that discretion is not to be controlled by any statute of limitation. —*Snodgrass v. Snodgrass, supra,* and authorities therein cited. The doctrine of laches, as administered in equity, is grounded "in the disposition of equity, independently of statutes of limitations, to quicken the diligence of those who have claims or demands to assert, by denying to the inert the aid of that agency, and to promote justice by refusing to hear and determine where changed circumstances, attendant upon the lapse of time during which no excuse for inaction is shown, render it fairly certain that a safe determination of the controversy could not be had because of the loss of satisfactory means to that end." It is but repetition to say, in response to the argument for appellant, that the bill's theory and purpose unescapably subjects it to the application of the doctrine stated.

We pretermit treatment of other considerations mentioned in brief of appellant, among them the statute of

[Seay, et al. v. Huggins, et al.]

frauds; the court below having put its ruling upon the sound ground before indicated.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.