155 So. 363

## PHŒNIX CHAIR CO. v. DANIEL et al.
### 6 Div. 546.

Supreme Court of Alabama.
May 17, 1934.

Monette & Taylor, of Birmingham, for appellant.

580.

Erle Pettus, of Birmingham, for appellees. Brief did not reach the Reporter.

KNIGHT, Justice.

Bill in equity to reform the indorsements made upon certain promissory notes executed by the Daniel Furniture Company, Inc., to the complainant, appellant here.

■ The bill was filed against A. S. Daniel, W. E. Daniel, L. C. Daniel, and J. M. Rowall.

A. S. Daniel filed demurrers to the bill as amended, the demurrers being directed to the bill as a whole. On submission upon this demurrer, the court entered a decree sustaining the same, and dismissed the bill of complaint. Along with this decree, the judge filed an opinion in which he said: "Upon the hearing of this cause it was made to appear that the complainant knew of the alleged mistake in indorsing the notes in blank instead of without recourse certainly some time during the year 1928, more than five (5) years before the complainant filed its bill of complaint in this cause. Under such circumstances applying the rule of laches, I think, the demurrer taking that point should be sustained and the bill dismissed."

The above opinion accompanying the decree was tantamount to a declaration by the court that the complainant would not be allowed to amend its bill, and tantamount to a denial of the right of amendment. In dismissing the bill under the circumstances there was manifest error. Jones v. Henderson, ante, p. 273, 153 So. 214, 218; Ezzell v. First National Bank, 218 Ala. 462, 119 So. 2.

The bill is loosely drawn, and is entirely omissive in averment as to when the mistake was discovered, or as to when the holder of said notes undertook to enforce liability against the complainant on his indorsements of said notes. The averments of the bill left it open to the ground of demurrer raising the question of laches. However, there is nothing appearing in the bill that would show that this defect could not be met by proper and timely amendment.

■ The rule of our decisions in respect to laches is stated in the recent case of Mullen v. First National Bank, 226 Ala. 305, 146 So. 802, 804, where it was observed: "In cases where the charge of laches is predicated upon delay only, and that delay appears on the face of the bill to have been short of the period of limitation, the reason of the rule of analogy obviously requires that special circumstances operating to destroy the right asserted should be brought forward by way of defense. In cases, however, where the bill shows a lapse in excess of the period of limitation, it would seem that special matters obviating the rule of analogy should be brought forward in the bill. The bill in the present case does not show a lapse in excess of the limitation, and there appears nothing upon the face of the bill to indicate lack of due diligence. Gayle v. Pennington et al., supra (185 Ala. 53, 64 So. 572); Henry County v. Winnebago Swamp Drainage Co., 52 Ill. 299; Jarvis v. Martin's Adm'r, 45 W. Va. 347, 31 S. E. 957; Fletcher Eq. Pl. & Pr. § 92."

The demurrer taking the point that, for aught averred to show an excuse for the delay in seeking reformation, the complainant was barred of his relief by laches, was well sustained. But, as pointed out above, the court fell into error in dismissing the bill upon the theory that it could not be amended by averring facts to show an equitable excuse for the delay, as for instance that the mistake was not sooner discovered, or that complainant filed his bill as soon as, or within a reasonable time after, a right was asserted, under the indorsements, contrary to the real intentions of the parties. 23 R. C. L. p. 352, § 49; Griswold v. Hazard, 141 U. S. 260, 11 S. Ct. 972, 999, 35 L. Ed. 678. Of course the facts

averred must show a sufficient excuse for the delay, not left to rest merely upon statements of conclusion of the pleader. Upon the record before us, we cannot assume that a proper amendment cannot be made. That remains to be determined.

■ It is made to appear from the bill that the Daniel Furniture Company, Inc., was indebted to the complainant in the sum of $1,009.14, and in settlement of this indebtedness the debtor executed and delivered to the complainant its thirty-six promissory notes. Thereafter, the complainant received information to the effect that the debtor was in financial difficulty, and was settling its outstanding obligations on the basis of 50 cents on the dollar. Complainant, on receipt of this information, communicated to the debtor its willingness to accept settlement of the notes on that basis.

The debtor responded to the letter of complainant saying: "We are in receipt of your letter of the 23rd inst., and in reply would say you are misinformed as to our offering a cash settlement with certain of our creditors. The Daniel Furniture Company has not bought, or offered to buy, any of its accounts at a cash discount. However there have been a few of their creditors that have sold *some* [of] *its accounts* at 50¢ on the dollar to outsiders. If you desire to sell your account for cash, and will advise us at what rate, we will do our best to find a buyer."

The complainant replied to the debtor's letter signifying its willingness to settle on the terms stated, and W. E. Daniel, for the debtor, wrote complainant, under date of November 3, 1926, as follows:

"We are in receipt of your letter of the 29th ult. stating that you would settle our account for $600.00.

"As stated in our previous letter the Daniel Furniture Co., is not offering to settle its accounts for less than one hundred cents, but Mr. Daniel has a few friends who offer 50¢ on the dollar for some of the accounts.

"He has one who offers to take up your account of [on] this basis. If you will transfer your account (the set of notes you have of ours) to J. M. Rowall on this basis, without recourse to yourselves, and attach to draft on J. M. Rowall through the Bank of Ensley, Ensley, Ala., the same will be honored."

It is then averred that the complainant, relying upon the representations of the said W. E. Daniel, drew draft on the respondent J. M. Rowall, through the Bank of Ensley, attaching the notes thereto; that due to mistake, complainant indorsed the notes in blank instead of without recourse, as agreed upon by the complainant and W. E. Daniel; that the said Rowall paid the draft, and obtained the notes; that thereafter Rowall transferred said notes to respondent L. C. Daniel, who in turn transferred the same to her son, A. S. Daniel.

Paragraphs 5, 6, and 8 of the bill appear in the report of the case.

While the bill does not aver in terms that the mistake, against which relief is sought, was a mutual one as between all the parties to the transaction, yet it is plainly averred that the notes were to be indorsed without recourse; that Rowall and W. E. Daniel and wife, L. C. Daniel, all knew and so understood it. And it is made further to appear from the bill that the respondent A. S. Daniel also knew that the notes were to be so indorsed. It abundantly appears, therefore, that the common understanding between all the parties was that the notes were to be indorsed without recourse. Thus it appears that the indorsement, as made upon the notes, does not express the real agreement or intention of the parties. Therefore, though the bill does not in fact aver that the indorsement made upon the notes was the result of a mutual mistake, the only conclusion to be drawn from the facts averred was that the mistake was mutual, and therefore a case for equitable relief is presented.

■ It is true that the said A. S. Daniel, under the averments of the bill, is the assignee of the notes, yet it is averred that he knew of the agreement and understanding that the notes were to be indorsed without recourse, and he acquired the same with that knowledge. Reformation will be allowed not only as against the original parties, but also against those claiming under them in privity, such as representatives, heirs or devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of the facts. 23 R. C. L. p. 339, § 33, and cases cited in the note.

This court, in the case of Camper v. Rice, 201 Ala. 579, 78 So. 923, 924, in construing a bill for reformation which did not in terms aver the mistake to be mutual, made the following observation, here pertinent: "It is insisted that the expression 'through a mistake' should be construed as intended to mean only a mistake of the complainant, and not a mutual mistake of the parties. Standing alone under the rule of construction of pleadings against the pleader, there might be some merit in this insistence, but, as previously

582

stated, all of the averments of the bill are to be considered, and the language used to be given a reasonable construction. When this is done, we think it sufficiently appears, although the word 'mutual' was not used, that the mistake here averred was a mistake of both parties at the time of the execution of the deed."

In the case of Snider v. J. E. Freeman & Co., 214 Ala. 295, 107 So. 815, 816, it is said: "It is also true that the word 'mutual' is not used before the words mistake or error or oversight. But the bill as amended must be construed as a whole and the language used given a reasonable construction."

Our judgment, therefore, is that construing the bill as a whole, as we must do, it sufficiently shows that the failure to indorse the notes *without recourse* was the result of a mutual mistake, and not simply a mistake on the part of complainant.

■ The fact, however, that since the filing of the bill the said A. S. Daniel has secured a judgment at law against the complainant on his indorsements of said notes will not preclude him from further proceeding in this cause, nor in securing, if successful in this suit, perpetual injunction against the enforcement of such judgment. Stevens v. Hertzler, 114 Ala. 563, 22 So. 121; Bradford v. National Surety Co., 207 Ala. 549, 93 So. 473; Brothers v. Russell & Duke et al., 195 Ala. 643, 71 So. 450.

However, the court below properly sustained the demurrer upon the ground of laches, but erroneously dismissed the bill, without permitting amendment.

As heretofore pointed out, the bill is loosely drawn, and it is possibly subject to other faults not pointed out by the demurrer. If further proceedings are to be had in the cause, the bill should be more carefully framed, and consideration should be given to the necessity of making the Daniel Furniture Company, Inc., a party to the bill.

A decree will be here entered affirming the decree in so far as it sustained the demurrer, but reversing it in so far as it dismissed the bill of complaint, and with directions to permit complainant to amend its bill if so advised.

Affirmed in part, and reversed and remanded in part.

GARDNER, THOMAS, and BROWN, JJ., concur.