17 So.2d 173

### WRAGG et al. v. CITY OF MONT-GOMERY et al.

### 3 Div. 367.

Supreme Court of Alabama.

Nov. 26, 1943.

Rehearing Denied March 23, 1944.

Thos. B. Hill, Jr., and Wm. Inge Hill and Ball & Ball, all of Montgomery, for appellees.

Fontaine M. Howard and Rushton, Johnston & Williams, all of Montgomery, for appellants.

LIVINGSTON, Justice.

The City of Montgomery, Alabama, a municipal corporation, under and by virtue of the Act of the Legislature of 1935, page 1046 (now Title 4, section 25, Code of 1940) acquired by condemnation certain privately owned lands for airport uses. Inconsistent claims and denials thereof to the award made by commissioners, appointed for that purpose, were filed in the probate court. Thereupon the proceedings were removed to the Circuit Court of Montgomery County, in equity. Section 7502, Code of 1923, now Title 19, section 27, Code of 1940. No issues are raised touching the validity or regularity of the condemnation proceedings. While the tracts of land differ, the issues of fact and law are the same as to both appellants and all active appellees.

Appellants, Minnie Reese Richardson Wragg and Coralye S. Richardson, are the daughters and only children of Minnie Reese Richardson, deceased, who departed this life December 19, 1937. Appellants'

claim to the funds involved is, in substance this: On and prior to April 29, 1898, Warren S. Reese, Sr., Minnie Reese. Richardson and Caroline B. Reese were the owners as tenants in common of the real estate here involved; that on said date, as such tenants in common, they executed a deed to Warren S. Reese, Sr., in trust for the grantors, and upon the death of the grantors for their respective children. This deed was never recorded; and in 1900, some two years later, Caroline B. Reese conveyed her one-third interest in the property to Warren S. Reese, Sr. Later, in August, 1900, Minnie Reese Richardson, "in order that rights of the cestui que trustent, including claimants, might be defeated," joined with Warren S. Reese in a scheme whereby the trust deed was destroyed and some twelve thousand dollars borrowed from the Philadelphia Mortgage and Trust Company on the faith and security of a mortgage on the property. Later, Warren S. Reese, Sr., and Minnie Reese Richardson sold the property to Willis Brewer for $5,850.00 in cash, and Brewer assumed the outstanding mortgage indebtedness of $12,000. Brewer later paid the mortgage.

Other claimants to the award, and who deny appellants right to share in it, based their claims upon mesne conveyances from Willis Brewer.

Demurrers were filed to appellants' claim, and objections made to its allowance. Demurrers were sustained, and the claim dismissed; hence this appeal.

A demurrer will lie for laches as well as for statutory limitations appearing on the face of a bill of complaint, and we may add to a claim under the circumstances of this case. And where the charge of laches rests upon delay, which appears from the face of the bill to have been short of the statute of limitations period, circumstances which would operate to destroy the right asserted by the bill should be offered in defense; but if the bill on its face shows a lapse of time in excess of the period of limitation, special matters obviating the rule of analogy between laches and limitations should be set up in the bill. Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393.

To meet the burden thus cast, a delay of nearly forty years apparent on the face of the claim, appellants contend that the owner of the beneficial life estate, Minnie Reese Richardson, did not die until 1937, and that they, her daughters, the owners of the beneficial remainder, were not required to take action until the beneficial life estate had been determined. They seek to shield themselves from laches on the established principle that "the title of a remainderman cannot be destroyed by any act of the life tenant and an attempted conveyance by the life tenant of the fee conveys only the life estate." In support of this logical rule of law, they cite the case of Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289.

The argument ignores the fact that conceding the existence of the trust deed, when Warren S. Reese, Sr., conveyed to Willis Brewer in 1900 his title was not that of a life tenant. He, as trustee, owned the fee.

When a trustee conveys the fee in violation of the trust, the cestui que trust must act, and it matters not that the cestui que trust may be in remainder only. The owner of the beneficial estate in remainder may not wait until the owner of the beneficial life estate has died before suit to establish the devastavit. Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L.R.A. 66, 72 Am.St.Rep. 160. The reason underlying this distinction is, that the life tenant who undertakes to convey the fee, had a life estate only and could not convey more, and the remainderman need not act until the termination of the life estate. On the other hand, the trustee has the entire fee, and when he conveys the title, the conveyance is not limited to a life estate but carries the fee. The distinction was recognized in the Dallas Compress Company case [190 Ala. 423, 67 So. 292], where the court said: "Nor is a party required in equity to sue until his interest falls into possession, unless the wrong complained of is presently efficient, according to the valid limitations of the title under which he claims, to cut off his title in remainder, as in Robinson v. Pierce".

We also quote the following from the case of Ussery v. Darrow, 238 Ala. 67, 188 So. 885, 889:

"We have a line of cases following Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am.St.Rep. 73, declaring a principle stated in Herren v. Beck, 231 Ala. 328, 164 So. 904, 906, as follows: 'When a remainderman's title passes out of him, but subject to his equitable right to have it reinvested or to be subjected to a lien or trust, such right and duty to sue occurs as soon as the instrument is execut-

ed,' and during the existence of the precedent estate.

"The principle is distinguishable from one which applies when a life tenant undertakes to convey the remainder, but it does not have that effect because the chain of title shows that he only has and can only convey only a life estate. A remedy under such circumstances by the remainderman to clear the situation is available but not obligatory, because the public. need not be misled. Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289; Teal v. Mixon, 233 Ala. 23, 169 So. 477. But we are not willing to apply that principle to a situation where the records and chain of title are all such as that they not only purport to pass the entire fee and all interests, but taken alone in fact do so, and when the only matter which will create a different result is collateral, not shown or suggested by the chain of title, nor public records judicially known, or to which the record refers. There is then an inchoate right which must be asserted to prevent the title from passing in fact as it purports to pass on its face. It resembles a cloud on a title. King v. Artman, 225 Ala. 569, 144 So. 442."

We think there can be no doubt that the dismissal of appellants' claim was supported by the staleness of the demand.

The decree of the lower court is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.