25 So.2d 141

**WOODS v. SANDERS et al.**

**6 Div. 378.**

Supreme Court of Alabama.

Jan. 17, 1946.

Rehearing Denied March 7, 1946.

Arthur Fite, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellees.

FOSTER, Justice.

This is an appeal from a decree sustaining a demurrer to a bill in equity. The·

equity of the bill is to enforce an equity of redemption in what may be termed a resulting trust to secure the payment of a debt for borrowed money, which in equity is treated as a mortgage. Pollak v. Millsap, 219 Ala. 273, 122 So. 16 (7), 65 A.L.R. 110; Moss v. Winston, 218 Ala. 364, 118 So. 739; O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645; Gunter v. Jones, 244 Ala. 251, 13 So.2d 51; O'Rear v. O'Rear, 220 Ala. 85, 123 So. 895; Leonard v. Duncan, 245 Ala. 320, 16 So.2d 879.

■ The ground of demurrer, which was evidently thought to be good, was one which goes to the statute of limitations. It is well understood that in a suit of this kind, the statute of limitations is ten years as in the nature of a suit for the recovery of land since land is the subject matter of the suit. Miles v. Rhodes, 222 Ala. 208, 131 So. 633; McCoy v. Gentry, 73 Ala. 105.

■ The rule is that one in possession of land holding the legal title without recognition of the equity sought by another, and without application of the rents and profits, is in hostility and it is adverse to that of the party claiming to do equity, because the one in possession has the legal title. Dixon v. Hayes, 171 Ala. 498, 55 So. 164; Toomer v. VanAntwerp, 238 Ala. 87 (11), 189 So. 549, 123 A.L.R. 1064; Ward v. Chambless, 238 Ala. 165 (7), 189 So. 890; Coyle v. Wilkins, 57 Ala. 108; Drummond v. Drummond, 232 Ala. 401, 168 So. 428.

■ The principle has been well recognized in this State, and has been fully observed whether the relation be that of a mortgagor and mortgagee, or where the parties in possession hold a deed which was intended as security for the loan of money as in Richter v. Noll, 128 Ala. 198, 30 So. 740, or where the relation is that of vendor and purchaser. Love v. Butler, 129 Ala. 531, 30 So. 735.

■ The mortgagee in possession after default having a "complete legal title" is presumably in the adverse possession of the land, but the possession of the mortgagor is permissive, and the right to foreclosure is not barred for twenty years, when the debt is conclusively presumed to be paid. Coyle v. Wilkins, supra; Staten v. Shumate, 243 Ala. 261, 9 So.2d 751. But both dates begin to run from the date of the last recognition of the right of complainant out of possession.

■ In Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73, complainant was actively led by defendant to believe that the possession by defendant was in recognition of complainant's rights. It was therefore not adverse until that status was changed. In respect to a mortgagee in possession after default, there is no such status, and the rule is expressly stated to the contrary. His possession is adverse from the date of the last recognition of the existence of a debt.

The bill alleges that the deed was executed on February 10, 1926, by complainant's seller to respondent's ancestor, Sanders, and that it was held as security for a debt for money advanced complainant to pay the balance of the purchase price.

■ The statute of limitations in such a suit, as we have said, is ten years from the last recognition, by the grantee, of complainant's equity. The bill alleges that such grantee collected the rent for the years 1934 and 1935 under agreement to apply them on the debt, and then he died. The bill was filed October 20, 1944. It would appear therefore that the bill was filed much more than ten years after the execution of the deed, and therefore the burden was upon the complainant to show special matters excusing his delay. Phoenix Chair Co. v. Daniel, 228 Ala. 579, 155 So. 363; Drummond v. Drummond, supra.

■ The allegation that the grantee collected the rent for the years 1934 and 1935 means that payment was made and collected during those years, not in advance, when considered upon a demurrer merely that it shows a bar of the ten year statute of limitations. The demurrer did not direct attention to the fact that payment in advance of 1935 for 1935 may be consistent with those allegations. Had that been done probably a more specific allegation that the 1935 rent was paid in 1935 should have been made. If the collection was made in 1935, it occurred within the ten year period immediately preceding the filing of the bill, and would be sufficient to relieve the claim from the bar of the statute. We do not think the bill is subject to the demurrer addressed to it on that or other ground.

The decree of the trial court is reversed, and one here rendered overruling the demurrer and allowing respondent thirty days

in which to answer the bill, and the cause remanded.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.

## On Rehearing.

FOSTER, Justice.

We do not think that the bill shows such laches on the part of complainant as to deny relief when it is not barred by the statute of limitations. It must so affirmatively appear on the face of the bill. The principle is that "where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties, as to render it difficult, if not admissible to do justice, the plaintiff will, by his laches, be precluded from relief." Rives v. Morris, 108 Ala. 527, 18 So. 743, 744; Oxford v. Estes, 229 Ala. 606, 158 So. 534; Ussery v. Darrow, 238 Ala. 67, 188 So. 885 (3). Again it is said, "mere delay that has wrought no disadvantage to another, or that has not operated to introduce changes of conditions and circumstances in consequence of which 'there can be no longer a safe determination of the controversy,' will not serve to bar a complainant's right or remedy." Laches is not fixed by a hard and fast limit of time, but is a principle of good conscience dependent on the facts of each case. Waddail v. Vassar, 196 Ala. 184, 72 So. 14; Veitch v. Woodward Iron Co., 200 Ala. 358, 363, 75 So. 124.

The bill alleges that Sanders, the grantee (as equitable mortgagee), collected $75 from Vinson as rent for the year 1934, and $50 as rent for the year 1935, and that with those collections the entire amount had been paid him before he died in 1935 or 1936. It alleges that respondents are the heirs of Sanders and claim under him and under that deed to him. It alleges that they are in possession of the land and have been for sometime. We stated in Cook v. Castleberry, 233 Ala. 650, 173 So. 1, that if the claim was not stale at the death of the person primarily accountable and no facts have since occurred which added to the situation then existing make it so, relief would not be denied on the principle of laches. Where a bill is filed within the statutory period it is not subject to demurrer for laches unless the bill shows the facts which constitute laches. Woodlawn R. & D. Co. v. Hawkins, 186 Ala. 234, 65 So. 183; Phœnix Chair Co. v. Daniel, 228 Ala. 579, 581, 155 So. 363.

Here the bill does not show a complicated account. It alleges that Sanders collected the rent for several years with the agreement that it was to be applied as a credit on the debt, extending up to 1934 and 1935, when definite amounts are alleged to have been collected under that agreement thereby satisfying the debt. The whole question is to find out the amount of those rents. It would be the same in respect to this inquiry as if payments had been otherwise made. We are not to suppose that there is not available definite proof. There is nothing obscured by time except the ability to make the proof. It is not a question of proving a disputed issue occurring in 1926, as to which the evidence has been obscured or lost so that it is impossible to do justice. Complainant must prove his allegations by legal evidence.

The only circumstance tending to establish laches in addition to a time element, which is less than the statute of limitations, is the death of Sanders. There has not intervened the rights of anyone but his heirs who simply stand in his shoes. The bill shows that in 1934 and 1935 Sanders was recognizing complainant's claim. That was less than ten years before suit was begun.

In the case of Lucas v. Skinner, 194 Ala. 492, 70 So. 88, relied on by appellees, both parties were dead before the suit was filed. The mortgagee died in 1903, the mortgagor in 1911, and the bill was filed by the administrator of the mortgagor in 1913. The mortgagee had been in possession since 1896, but it was alleged that it was not adverse. The suit was begun by the administrator of the mortgagor, though the latter during his life and for seven years after the death of the mortgagee did nothing about it. The court noted that the matter would involve an ascertainment of the rents received for sixteen or seventeen years, of which ten years were after the death of the mortgagee, besides the circumstance that the mortgagor never in his lifetime made the contention claimed by the bill nor filed such a suit.

In this case no rents are alleged to have been collected since Sanders died; the debtor is still living; no complication of

accounts is shown to be involved. The statute of limitations is ten years and the suit was begun in that time. The bill does not show the elements of laches as appeared in Lucas v. Skinner, supra.

Application overruled.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.