40 So.2d 700

### WISE et al. v. HELMS et al.
### 4 Div. 527.

Supreme Court of Alabama.

May 13, 1949.

J. A. Carnley, of Elba, for appellant.

FOSTER, Justice.

The question in this case is whether these appellants 'have a right to a decree setting aside an instrument in form a deed' conveying the land, which was the homestead, by Thomas H. Cain in his lifetime to his wife, Nancy Ann Cain. The claim is that he did not have mental capacity to make a deed. The instrument contained a clause as follows: "This deed does not take effect until after my death, then it remains in full force."

■ We cannot agree with appellants' contention that this is a will. It contains all the formalities of a present conveyance with general warranty, acknowledged before a justice of the peace, witnessed by two witnesses, delivered and recorded at once in the probate office. The effect was to convey the title subject to the reservation of a life estate in the grantor. Phillips v. Phillips, 186 Ala. 545, 65 So. 49, Ann.Cas.1916D, 994; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646; Dennis v. West, 248 Ala. 90, 26 So.2d 263.

The deed was executed January 11, 1922, and recorded the next day. The grantor died January 6, 1926. Nancy Ann Cain continued to live on the land until she died after this suit was filed against her May 19, 1943. She had remarried a man named Helms, and died September 4, 1943. Neither Thomas H. Cain nor his widow had children. This bill was filed by collateral kin of this grantor. After the death of

J. C. Fleming, of Elba, for appellees.

Nancy it was revived against two persons named as legatees under will. The land was the homestead of decedent, and Nancy had the right to use it until dower was assigned. This was never done. Its value is not shown, but it contained 159 acres.

So that the bill was filed 21 years after the deed was executed, and 17 years after the grantor died, and before Nancy, the grantee, died.

The trial court denied relief on the facts, finding that complainants were barred by laches, and further that the grantor did have mental capacity to execute the deed.

In holding that laches barred the suit, the trial judge found that one of the complainants, a brother of the grantor, was told of the deed at once after its execution. This complainant testified that he was told that the deed conveyed to Nancy a life estate with remainder to the next of kin of the grantor. But he made no further investigation as to its contents and did not examine the record. The court also found that complainants have failed to discharge the burden of proving that they acquired notice of the deed within one year before filing the bill, as they alleged in it.

For a concise statement of the principle of laches, see Hauser v. Foley & Co., 190 Ala. 437, 440, 67 So. 252.

■ Laches is not controlled by statute, but is a creature of equity, and exists against one who takes no steps to enforce his rights until a change of circumstances makes it inequitable to do so, or by reason of such long delay any conclusion must be conjectural and the facts obscured by lapse of time, loss of evidence or death of parties. Oxford v. Estes, 229 Ala. 606, 158 So. 534; Meeks v. Meeks, 214 Ala. 435, 37 So.2d 914; Courson v. Tollison, 226 Ala. 530, 147 So. 635; Snodgrass v. Snodgrass, 185 Ala. 155, 64 So. 594; Lucas v. Skinner, 194 Ala. 492, 70 So. 88; Waddail v. Vassar, 196 Ala. 184, 72 So. 14.

■ But justifiable ignorance of the existence of the right is an excuse for such delay as would otherwise be laches. Oxford v. Estes, supra; 21 Corpus Juris 244; 30 C.J.S., Equity, § 128; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81.

■ The principle of prescription is also involved. This is a 20 year period after which the transaction is generally immune from attack made upon it, which is not affected by the circumstances of the situation as with laches, and applies without regard to the disabilities of the parties or their mental condition, but does not begin to run as long as the party opposed in interest recognizes the existence of the right. Hendley v. First National Bank, 235 Ala. 664, 180 So. 667; Patterson v. Weaver, 216 Ala. 686, 114 So. 301; Scott v. Scott, 202 Ala. 244, 80 So. 82; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Oxford v. Estes, 229 Ala. 606, 158 So. 534; Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., 171 Ala. 544, 54 So. 685; Roach v. Cox, 160 Ala. 425, 49 So. 578, 135 Am. St.Rep. 107; Semple v. Glenn, 91 Ala. 245, 6 So. 46, 9 So. 265, 24 Am.St.Rep. 894; Greenlees v. Greenlees, 62 Ala. 330; Shorter v. Smith, 56 Ala. 208.

This principle of prescription, sometimes called staleness of demand, though settled in Alabama, is not of general observance in other states. 30 Corpus Juris Secundum, Equity, § 113, p. 526.

■ Absence of notice affects prescription the same as it does in respect to laches. Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., supra, 171 Ala. page 551, 54 So. page 687. When the bill and the evidence show the completion of the 20 year period, as here, or sufficient facts prima facie to show laches, the burden is on complainants to allege and prove a justifiable absence of notice, or some other legal excuse in respect to laches. Drummond v. Drummond, 232 Ala. 401, 168 So. 428; James v. James, 55 Ala. 525(6); Martin v. Branch Bank at Decatur, 31 Ala. 115; Phoenix Chair Co. v. Daniel, 228 Ala. 579, 155 So. 363; Woodlawn Realty & Development Co. v. Hawkins, 186 Ala. 234, 65 So. 183; Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393; 30 Corpus Juris Secundum, Equity, § 128, p. 552.

■ They did not meet that burden, as the court properly found, and therefore prescription and laches apply to them unless relieved for other cause. The record of the deed alone is not sufficient notice as

respects this question. Pittman v. Pittman, 247 Ala. 458, 25 So.2d 26; Winters v. Powell, 180 Ala. 425, 61 So. 96. But it is a material circumstance. Haney v. Legg, supra.

Delay is excused by reason of either of two situations when complainants have notice of the status affecting their rights. One is where the opposing party has continued to recognize the adverse right sought to be enforced. The period begins from the last recognition. Haney v. Legg, supra. Although such recognition is alleged in the bill, the only evidence of it was of witnesses disqualified under section 433, Title 7, Code, and therefore we cannot consider it as affecting the result. The other reason arises where there is no power or duty to assert the interest in a court proceeding, as where a suit will not lie when a life estate presently relieves the claimant of the duty to do so by court action.

If the right is to cancel a claim which cannot stand of its own weight, but would fall with an effort to assert it as where a life tenant undertakes to convey the remainder, no duty exists during the life tenure to cause such a conveyance to be cancelled. The failure to act under such circumstances does not start prescription, laches, or the statute of limitations. Kyser v. McGlinn, 207 Ala. 82, 92 So. 13; Huey v. Brock, 207 Ala. 175, 92 So. 904.

But that is not this situation. The deed in question serves to pass the title of the grantor completely out of his estate and away from his kin after his death, unless it is set aside. Although the widow's quarantine and homestead rights gave her a life interest without the help of the deed, and although the next of kin with the deed out of the way had no possessory right until the widow died, they may and should before she died, as they did in this case, file a suit in equity to cancel the deed as a cloud on their title, for it conveys title affecting their inheritance requiring extraneous proof to show its invalidity. It does not fall of its own weight.

Under such circumstances, prescription and laches will run from its date, unless some other circumstances relieves the heirs of the burden. Wragg v. City of Montgomery, 245 Ala. 362, 17 So.2d 173; Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L.R.A. 66, 72 Am.St.Rep. 160; Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289; Herren v. Beck, 231 Ala. 328, 164 So. 904; Lewis v. Belk, 219 Ala. 343, 122 So. 413; Teal v. Mixon, 233 Ala. 23, 169 So. 477; Ward v. Chambless, 238 Ala. 165, 189 So. 890.

The right to sue to vacate this deed for mental incapacity has continued long enough to extend to it the principle of prescription and laches in the absence of proof that complainants had no notice of the existence of the deed until shortly before the suit was begun, or that the grantee in it recognized and declared her claim to be only a life estate. The proof to that effect is not satisfactory.

The court was justified in denying relief on that account. By reason of that conclusion, it seems to be unnecessary to consider the question of mental capacity. But we have done so, as did the trial court.

Without discussing the evidence, we agree with the trial court that complainants did not carry the burden on that issue. Relief was properly denied for that reason.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.