71 So.2d 44

### MERRILL et al. v. MERRILL et al.

### 6 Div. 510.

Supreme Court of Alabama.

March 4, 1954.

J. T. Johnson, Oneonta, for appellants.

R. G. Kelton, Oneonta, for appellees.

PER CURIAM.

This bill is by some of the heirs of Sallie Merrill against their father, T. G. Merrill, who was the husband of Sallie Merrill, to reform a deed made by them to him conveying land alleged to have been owned by Sallie Merrill at the time of her death. The deed was dated June 23, 1930 and recorded December 6, 1940. Sallie Merrill died November 21, 1928, leaving about three hundred and fifty acres of land. Complainants claim they all agreed with their father, T. G. Merrill, to deed to him a life interest in the land with remainder to them. One child (John) of Sallie Merrill's was then a minor and did not join in the deed.

The bill was filed September 21, 1949, a few months before the expiration of twenty years after the deed was executed. It alleges that complainants did not know that the deed conveyed to their father the title "forever" until on or about September 1, 1949, and filed this bill within sixteen days thereafter. (This does not exactly correspond with the date of filing.) They also allege in their bill that every few years their father told them that he only had a life estate or interest in said land, and that at his death it would revert to the children of said Sallie Merrill. In the meantime T. G. Merrill married again. The bill also alleges that T. G. Merrill claimed about one hundred and sixty acres of the land, known as the home place and specifically described in a deed to him by his wife Sallie dated July 8, 1915. That left about one hundred and ninety acres in what they called the "lower place" which were not included in that deed. Complainants allege that the deed of July 8, 1915 was not completely executed, was not delivered and was not filed for record until June 25, 1936. After the date of said deed the land was mortgaged to several persons, including the federal land bank, as belonging to Sallie Merrill and was joined in by her husband who made no personal claim to any of it. Those mortgages seem to have been satisfied. That deed was not recorded until about eight years after Sallie Merrill died and about twenty-one years after its date.

The court rendered a final decree denying relief to complainants, in which the trial judge observed that apparently no one seems to rely strongly on that deed (July 8, 1915), and that as to the deed of June 23, 1930, sought to be reformed, there would have been no necessity for executing a deed conveying only a life estate since the grantee, T. G. Merrill, as the surviving husband of Sallie Merrill, was by law vested with a life estate in the land with remainder to her descendants—her children; that the grantors were of full age and have shown no excuse for their failure to act sooner except for professed confidence in their father, and that he does not believe this is sufficient to set aside a deed made more than twenty years ago. That means more than twenty years prior to the date of the decree. The suit was filed a few months short of twenty years after the execution of the deed.

The principle of prescription is based on a strict application of the twenty year period, and it is a strict rule of law in this State. As to which, absence of notice of the existence of the equitable right is not controlling though a recognition of it by the opposing party within that period begins a new period of twenty years. Hendley v. First National Bank of Huntsville, 234 Ala. 535, 176 So. 348; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Wise v. Helms, 252 Ala. 227, 40 So.2d 700. Many of our cases are cited in support of the principle, but the question of notice of the existence of the right affecting the principle of prescription does not seem to have been directly involved in any of them.

In the case of Wise v. Helms, supra, this writer observed that the absence of notice of the opposing interest affects prescription as it does laches, citing Alabama Coal & Coke Co. v. Gulf Coal & Coke Co., 171 Ala. 544, 551, 54 So. 685. Attention has been called by some members of the court to the fact that a close reading of the Gulf Coal & Coke Co. case is not as stated in the Wise case. But that notice was there intended to apply only to laches and not to prescription. To the casual reader the opinion does bear the idea that notice was said to apply to prescription also. In view of our definition of the elements of prescription, that was not what was intended to be stated by the opinion, and it does not

conform to other statements of the rule, especially as asserted in the Wilkerson case, supra. We wish now to assert that prescription is not controlled by an absence of notice. While it is not necessary to so state it in the instant case because twenty years had not expired, nor was it necessary to the decision in the Wise case, supra, because we held that laches also applied. But for the record we wish to correct the statement in the Wise case. Notice does have influence on the question of laches, but not on prescription.

The question here is whether complainants' claim is barred by laches. This is not dependent upon the twenty year period, nor any other hard and fast limit of time but is a principle of good conscience dependent upon the facts of each case. Woods v. Sanders, 247 Ala. 492, 25 So.2d 141. To be affected by laches the delay should have been with notice of the existence of the right, resulting in disadvantage to another, or should have operated to bring about changes of conditions and circumstances of which there can no longer be a safe determination of the controversy. Craig v. Root, 247 Ala. 479, 25 So.2d 147; Woods v. Sanders, supra; Ellis v. Stickney, 253 Ala. 86(17), 42 So.2d 779.

The principle of laches (as well as prescription) has application although complainants' claim sought to be established is one in remainder, when the relief sought puts a limitation on a deed by them by which their remainder rights were conveyed. Herren v. Beck, 231 Ala. 328, 164 So. 904; Lewis v. Belk, 219 Ala. 343, 122 So. 413; Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289; Winters v. Powell, 180 Ala. 425, 61 So. 96; Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197.

Complainants assert in their pleading and so testified that they never examined the record as to said deed and had no occasion to do so until the 25th day of August 1949, when T. G. Merrill sued them for some personal property of the estate of Sallie Merrill, and on which they were served September 1, 1949. Complainants were then induced to have the records searched and for the first time learned of the nature of the deed.

There has not been such a change of circumstances as to sustain the principle of laches, insofar as the right to reform is here sought. T. G. Merrill still lives and testified, as did the justice of the peace. If the evidence in support of the claim were clear and convincing, such as is required to decree reformation, Clipper v. Gordon, 253 Ala. 428[8], 44 So.2d 576; Hill v. Harding, 233 Ala. 343, 172 So. 98; Woodlawn Realty & Development Co. v. Hawkins, 186 Ala. 234, 65 So. 183; Lewis v. Belk, supra, there has not been such change of circumstances, other than lapse of time, to sustain a claim of laches. Lapse of time alone does not establish laches. Ellis v. Stickney, supra; Woods v. Sanders, supra. But in view of the nature of the evidence of the claim, in that it consists entirely of the memory of men and women after twenty years, it is not clear and convincing that by their deed complainants did not intend to convey to their father more than he already had. Their contention is subject to the criticism that they knew that their father already had what they say they intended to convey to him. Section 12, Title 16, Code; Harlan v. State ex rel. Clark, 136 Ala. 150, 33 So. 858. He did not instruct the justice of the peace as to how to write the deed nor mislead complainants as to what the law was with respect to his right of inheritance in the land. The justice of the peace testified that he heard nothing said about deeding a life interest by complainants to their father. After all those years, when there is nothing to aid the memory of the witnesses which is contrary to the writing signed by them and when, according to what they say they intended, the writing (deed) served no purpose at all, and when their testimony is contradicted by that of their father and the justice of the peace, we think the trial court correctly denied relief to complainants. The trial was had on deposition taken out of the presence of the trial judge.

Appellants call attention to the fact there was no decree pro confesso and no answer filed by the respondent John Merrill, and that it is necessary when no answer is filed to have a decree pro confesso rendered in order to make an issue in

the case. The contention is correct to that extent, but it only means that a complainant is not entitled to a decree against a respondent who has not answered and no decree pro confesso has been taken. It does not follow that a decree denying complainant relief should be reversed because the complainant did not take a decree pro confesso. The failure to enter such a decree is a mere irregularity and does not render void the final decree. Atkins v. Atkins, 253 Ala 43, 42 So.2d 650; Pearce v. Kennedy, 232 Ala. 107, 166 So. 805. The contention is without merit insofar as here applicable.

The decree of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.