Two cases were consolidated for trial. A summary judgment was entered for the plaintiffs in the case of Martha T. Kirkland, et al. v. G.I. Drury, et al. and was made final under Rule 54(b), Ala.R.Civ.P.; and a summary judgment was entered for the defendant in the case of Charles D. Edmonson v. Jerry F. Colwell, et al. The losing parties in each case appealed and the appeals were consolidated.
The following are all of the pertinent facts insofar as the issues raised by these appeals are concerned. Charles D. Edmonson acquired an undivided interest in certain minerals (title to which was severed from the surface title) in property in Escambia County, Alabama, in 1946. In 1946, *Page 236 
Edmonson conveyed a portion of his undivided interest in these minerals to Drury.
On June 3, 1954, Edmonson's interest in these minerals was sold for nonpayment of ad valorem taxes. This interest was purchased by the State of Alabama. The State sold this interest to appellee Jerry F. Colwell on October 6, 1971.
Edmonson commenced this action by filing a petition for redemption against the owners of the Colwell interest (hereinafter "the Colwell group") on December 2, 1983, in which Edmonson sought to have the tax deed from the State Land Commissioner of Alabama to Colwell declared void. The Colwell group answered and filed a counterclaim which denied the allegations of the complaint and set up the affirmative defenses of repose, laches, and the statute of limitations. The counterclaim was amended to state a claim under the Grove Act, § 6-6-560, Code 1975.
On June 2, 1955, Drury's interest was sold for ad valorem taxes. This interest was purchased by the State. In 1968, the State sold its interest to Earl Horton, who sold half of his interest to his father and mother, Escambia County Tax Collector W.H. Horton and Alice A. Horton, and half to Escambia County Probate Judge Reo Kirkland and his wife Martha T. Kirkland (hereinafter "the Horton/Kirkland group").
On January 24, 1984, the Horton/Kirkland group filed an action under the Grove Act against the owners of the Drury interest.
These suits were consolidated because of common questions of law and fact.
Motions for summary judgment were filed by the Horton/Kirkland group and the Colwell group. The trial court found that the Horton/Kirkland group and the Colwell group were entitled to judgments as a matter of law under the Grove Act; that the Edmonson group and the Drury group were barred from redeeming from the tax sales, which had occurred more than 20 years before they sought to redeem.
There has been no development of the mineral rights either through mining or drilling. Consequently, none of the parties is in actual possession of the minerals.
Justice Maddox, writing for a division of this Court inShelton v. Wright, 439 So.2d 55, 57 (Ala. 1983), wrote:
 "The Grove Act, as originally enacted, was adopted for the purpose of clearing 'up all doubts or disputes concerning [land titles].' Williams v. First National Bank of Mobile, 384 So.2d 89, 94 (Ala. 1980). Thus, consistent with this purpose and the unequivocal plain meaning of the language 'any interest,' we believe the legislature intended to include not just claims involving surface rights, but also those claims related to severed mineral estates."
In Fitts v. Alexander, 277 Ala. 372, 375, 170 So.2d 808, 810
(1965), this Court held that an action to quiet title under the Grove Act could be brought when (1) neither the plaintiff nor any other person is in the actual possession of the interest claimed in the land; (2) the plaintiff and those through whom he claims have held color of title to the interest claimed in the land for a period of ten or more consecutive years next preceding the filing of the complaint; and (3) the plaintiff or those through whom he claims have paid taxes on the interest claimed during the whole of such period or for a period of ten or more consecutive years next preceding the filing of the complaint.
Even if the appellants are correct in their challenge to the validity of the tax deeds through which the Horton/Kirkland group and the Colwell group claim, these tax deeds are color of title. Bell v. Pritchard, 273 Ala. 289, 139 So.2d 596 (1962). Any instrument purporting to convey an interest in land may be color of title, however defective or imperfect it is, and no matter from what cause it is invalid, Van Meter v. Grice,380 So.2d 274 (Ala. 1980). Therefore, the Horton/Kirkland group and the Colwell group had color of title to the mineral interest which each had claimed for more than ten consecutive years before these suits were filed.
The ad valorem tax burden has been exclusively borne by the Horton/Kirkland *Page 237 
and Colwell groups since the original tax sales. All accrued ad valorem taxes were paid on the respective mineral interests by the Horton/Kirkland group and the Colwell group at the time these interests were purchased from the State. Both groups made a one-time payment "in lieu of" ad valorem tax payments, in accordance with § 40-20-35, Code 1975, to the Probate Judge of Escambia County.
Section 40-20-31, Code 1975, levies a mineral documentary tax upon the filing and recording of an instrument conveying a severed mineral interest. Section 40-20-32(3), Code 1975, provides that the tax shall be $.15 per mineral acre if the primary term of the instrument extends for more than 20 years. Section 40-20-45 provides that this tax shall be in lieu of all ad valorem taxes.
Though the Grove Act is purely statutory and strict compliance with the requirements set forth in it is imperative, payment of a mineral documentary tax in accordance with §§40-20-30 through 40-20-37, Code 1975, on a severed mineral interest is sufficient compliance with the ad valorem tax requirement; this principle is consistent with this Court's holding in Shelton v. Wright, supra, that the Grove Act can be used to clear title to severed mineral interests. Otherwise, if an owner of minerals paid the mineral documentary tax, as he is required to do to record his mineral deed, and is thereby relieved of any obligation to pay additional taxes, he could not clear title under the Grove Act.
Edmonson and Drury have attempted to retroactively pay ad valorem taxes. This does not negate the "exclusivity" of tax payment by the Kirkland/Horton and the Colwell groups for a period of more than ten years next preceding the filing of the complaints. Shelton v. Wright, supra.
Edmonson sought to redeem this severed mineral interest 29 years after the tax sale and 12 years after the State, which purchased the interest at the 1954 tax sale, sold this interest to Colwell.
Drury sought to redeem this severed mineral interest 28 years after the tax sale and 17 years after the State, which purchased the interest at the 1955 tax sale, sold this interest to Horton.
Edmonson and Drury contend that they are entitled to redeem without limit as to time, under the conditions and purview of § 40-10-83, Code 1975.
We have stated many times that the purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. Stallworth v. First National Bank of Mobile,432 So.2d 1222 (Ala. 1983); Tensaw Land Timber Co. v. Rivers,244 Ala. 657, 15 So.2d 411 (1943). However, when the rule of repose or prescription has been raised in the pleadings (as it was in the instant case), we have stated:
 "We think the rule of prescription or repose is operative notwithstanding statements in opinions of this court to the effect that the owner invoking the aid of § 296, Title 51, Code of Alabama [1940], (see: § 3108, Code of 1923), may redeem at any time if he brings himself within the conditions and purview of this statute. . . .
". . . .
 "We do not think that the legislature in enacting Title 51, § 296, supra, and in the passage of antecedent statutes of the same import, had any intention of excluding the doctrine from application to proceedings under this redemption statute, nor to disturb its application to belated proceedings to redeem by authority of this law. The rule has been applied so many times and has been the law of this state for so many years, we are unwilling to say that the legislature intended to except its application to proceedings here initiated and to others of like kind without a more definite expression to that effect."
Schwab v. Nonidez, 276 Ala. 308, 310-11, 161 So.2d 592 (1964).
The record conclusively establishes that the appellants did not attempt to redeem the mineral interests for more than 20 years. Therefore, the trial court did not err in barring the appellants' right to redeem *Page 238 
under the rule of repose. Boshell v. Keith, 418 So.2d 89 (Ala. 1982).
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.