I join Justice Johnstone's well-supported discussion of the inadequacy of Liberty National's showing of good cause that might excuse it for failing to include the affirmative defense of repose in its original answer filed on April 3, 2001. *Page 956 
In Ex parte Liberty National Life Insurance Co., 825 So.2d 758 (Ala. 2002), Liberty National attached to its petition for the writ of mandamus certain documents that had been presented to the trial court on April 30, 2001, just under a month after it filed its answer in this case, in support of its motion for a summary judgment on the ground of repose. Among these is an opinion of the Dallas Circuit Court in an action styledMoore v. Liberty National Life Insurance Co., Civil Action No. CV-00-306, in which the trial court held that the plaintiffs' claims were barred by Alabama's common-law doctrine of repose. The trial court stated as follows:
 "The rule of repose is not subject to tolling of any kind, except where there have been affirmative acts of the defendant explicitly and unambiguously acknowledging the existence and validity of the plaintiff's claim. Ex parte Grubbs, 542 So.2d 927, 930-31 (Ala. 1989); Boshell v. Keith, 418 So.2d 89, 91
(Ala. 1982); Snodgrass v. Snodgrass, 176 Ala. 276, 280-81, 58 So. 201, 201-02 (1912)."
This order was entered on February 8, 2001, almost two months before the answer was filed in this proceeding. Our opinion in Ex parte LibertyNational is entirely consistent with this settled principle of Alabama law. This Court held as follows:
 "The difference between the rule of repose and a statute of limitation is further demonstrated by the rule's sole exception. We have stated that `[t]he only circumstance that will stay the running of the 20 year period of repose is a recognition of the existence of the claimant's right by the party defending against the claim.'"
825 So.2d at 765 (quoting Boshell v. Keith, 418 So.2d 89, 91 (Ala. 1982)).
Also instructive is Liberty National's posture in Ex parte LibertyNational with respect to Oehmig v. Johnson, 638 So.2d 846, 851 (Ala. 1994). In this proceeding, Liberty National views Oehmig as the obstacle to the availability of the defense of repose that justified its failure to assert the defense in this proceeding when it filed its original answer on April 3, 2001. However, in its reply brief in Ex parte LibertyNational, Liberty National addressed Oehmig and the issue of the effect of lack of notice on the availability of the bar of repose as follows:
 "Third, despite the Plaintiffs' suggestion otherwise (see Respondents' Br. at 14-18), the running of Alabama's rule of repose is not dependent on notice. As early as 1954, this Court announced that repose `is not controlled by an absence of notice.' Merrill v. Merrill, [260 Ala. 408, 411,] 71 So.2d 44, 45-46
(1954). Accord Eatman v. Goodson, [262 Ala. 242, 248,] 78 So.2d 625, 630 (1954) (observing Merrill
`repudiated' the belief `that lack of notice would prevent the running of the prescriptive period'). In Ballenger v. Liberty National Life Insurance Company, [271 Ala. 318, 123 So.2d 166 (1960),] this Court reaffirmed Merrill, holding `[l]ack of notice is not sufficient to avert the application of the doctrine [of repose].' [271 Ala. 318, 322,] 123 So.2d 166, 169
(1960). The statement from Oehmig v. Johnson, [638 So.2d 846 (Ala. 1994),] on which Plaintiffs rely is both dicta — because it is unnecessary to the Court's holding (on page 850) that `the rule of repose cannot be used against one with valid record title by one who clearly does not have title' and inconsistent with long-standing precedent of the rule of repose. 638 So.2d 468, 851 (Ala. 1994), citing neither Merrill nor Ballenger)."
Liberty National's reply brief at p. 10-11. Standing in stark contrast is the following *Page 957 
statement at page 6 of Liberty National's petition in this proceeding:
 "Liberty National filed its answer on April [3], 2001. At that point in time, the rule of repose did not appear to be a viable defense under Alabama law. See Oehmig v. Johnson, 638 So.2d 846 (Ala. 1994), abrogated by Ex parte Liberty National Life Ins. Co., [825 So.2d 758 (Ala. 2002)]."
Its dismissal of Oehmig v. Johnson as dictum in its brief filed in Exparte Liberty National, while relying upon precedent "as early as 1954," belies Liberty National's present contention as to the state of the law on April 3, 2001. This Court's holding in Ex parte Liberty National
simply mirrors the foregoing argument in the reply brief by citingBallengerand Merrill and declining to permit Oehmig to control, as it was dictum "inconsistent with the well-established understanding of the rule of repose." 825 So.2d at 765 n. 3. I note parenthetically that the concept that Oehmig has been "abrogated" does not appear in this Court's opinion; it is a term employed solely by a publisher in describing the history of Ex parte Liberty National.
What appears to have happened in the instant case is a simple matter of Liberty National's various attorneys failing to get on the same page. But for recent cases such as Rector v. Better Houses, Inc., 820 So.2d 75
(Ala. 2001), holding that delay alone is justification for refusing to permit the amendment of a complaint, I would have viewed more favorably Liberty National's attempt to excuse failure to amend on the candid admission of oversight, relying on Poston v. Gaddis, 372 So.2d 1099
(Ala. 1979), dealing with allowance of leave to amend to assert an affirmative defense and citing National Distillers Chemical Corp.v. American Laubscher Corp., 338 So.2d 1269 (Ala. 1976), in which this Court held that neither long delay nor the fact that a proposed amendment is motivated by counsel's afterthought as to the best theory upon which to proceed suffice as reasons for denying leave to amend.