WOODALL, Justice.
 

 Jones-Lowe Company, a general partnership composed of Raymond B. Jones, Peter L. Lowe, and others; G.W. Jones & Sons, a former partnership composed of Raymond B. Jones and Carl T. Jones, deceased; Peter L. Lowe; and Raymond B. Jones (all collectively referred to hereinafter as “Jones-Lowe”)
 
 [1]
 
 appeal from a summary judgment for Southern Land and Exploration Company, Inc. (“SOLEXCO”), in SOLEXCO’s action against Jones-Lowe to quiet title to mineral rights in real estate located in DeKalb County (“the property”). We reverse and remand.
 

 I. Factual and Procedural Background
 

 This property dispute involves several complex chains of title that allegedly diverged from a common source late in the 19th century. Most recently, in 1958, the interest of A.F. Kralik Point Realty Company was purchased by the State Land Commissioner (“the Commissioner”) at a tax sale resulting from unpaid ad valorem taxes. On October 26, 1966, G.W. Jones & Sons purchased the State’s interest in the property, which was defined in the deed from the Commissioner as “mineral rights only.” Through a series of transactions, Jones-Lowe Company eventually acquired that interest. Jones-Lowe Company or its predecessors have paid taxes on the mineral interests in the property since 1966.
 

 Ten years later, on June 23, 1976, the Commissioner executed a deed purporting to sell “the minerals and mineral interests” in the property to SOLEXCO. SOLEX-CO has also paid taxes on the mineral interests in the property since 1976.
 

 On July 8, 2007, SOLEXCO commenced this action to quiet title to the mineral rights. Jones-Lowe answered the complaint and filed a counterclaim, seeking a judgment quieting title in Jones-Lowe Company. On January 17, 2008, SOLEX-CO filed a
 
 single document,
 
 namely, a motion for a summary judgment. The “Statement of Material Undisputed Facts” section of that motion contained, in pertinent part, the following averments, hereinafter referred to collectively as “the motion averments”:
 

 “6. [SOLEXCO] acquired title to the minerals and mineral interests in the said property from the State of Alabama by deed from the [Commissioner] of June 23, 1976, Deed Book 255, Page 276, Judge of Probate, DeKalb County, Alabama.
 

 “7. The chain of title into [SOLEX-CO] is as follows:
 

 “(a) Instrument: Grantor: Grantee: Date: Recorded: Entries USA Certificate Holders Unknown Tract Book
 

 “(b) Instrument: Grantor: Grantee: Date: Recorded: 112 Deeds Certificate Holders O.T. Holmes 1887-1888 Deed Book S, Pages 141-349
 

 “(c) Instrument: Warranty Deed Grantor: Owen T. Holmes and Wife Grantee: Noble Smithson Date: 2-8-1890 Recorded: Deed Book X, Page 110 Conveyed: ‘all bituminous, anthracite and other coals, petroleum, natural gas, and other products of coal and petroleum and also all iron, iron ores,
 
 *365
 
 and other metal ores and minerals of every kind and description’
 

 “(d) Instrument: Grantor: Grantee: Date: Recorded: Interest Conveyed: Warranty Deed Noble Smithson and Wife Joseph A. Jacobs 2-27-1890 Deed Book X, Page 120 (same as conveyed in foregoing Instrument)
 

 “(e) Instrument: Grantor: Grantee: Date: Recorded: Interest Conveyed: Warranty Deed Joseph A. Jacobs and wife Alabama Coal & Iron, Inc. 3-14-1890 Deed Book X, page 130 (same as conveyed in foregoing Instrument)
 

 “(f) Instrument: Grantor: Grantee: Date: Recorded: Interest Conveyed: Tax Sale Judge of Probate State of Alabama 7-10-1922 Tax Sale Record J, Page 216 ‘Mineral Interest Only’
 

 “(g) Instrument: Grantor: Grantee: Date: Recorded: Interest Conveyed: Deed State of Alabama, by [Commissioner] Plaintiff (SOLEXCO) 6-23-1976 Deed Book 256, Page 276 Mineral Interest Only
 

 “8. [SOLEXCO] also makes claim to the disputed acreage through the following chain of title: (a) Alabama Coal & Iron Co. December 7, 1926, deed to Cherokee Mining Co., Inc., Deed Book 60, Page 484; (b) Cherokee Mining Co., Inc., April 9, 1974, deed to J.S. Cullinan, II, and Craig F. Cullinan, Jr., Deed Book 246, Page 497; (c) J.S. Cullinan, II, April 25, 1975, deed to Sue Woodall Cullinan, Deed Book 250, Page 189; (d) Sue Woodall Cullinan, Joseph S. Culli-nan, II, and Craig F. Cullinan, Jr., May 6, 1988, deed to plaintiff [SOLEXCO], Deed Book 287, Page 781-82; (e) Sue Woodall Cullinan and Craig F. Cullinan, Jr., May 16, 1983, deed to plaintiff [SO-LEXCO], Deed [Book] 287, Page 783-85; and (f) Joseph S. Cullinan, II, and wife Sue Woodall Cullinan and Craig F. Cullinan, Jr., May 6, 1983, deed conveying mineral rights only to plaintiff [SO-LEXCO], Deed [Book] 287, Page 777-80.
 

 [[Image here]]
 

 “16. It is undisputed that [Jones-Lowe Company’s] claimed title descends from a deed from Margaret Hall to a grantee named Rainer or Rayner in 1919. Ms. Hall attempted to convey to Rainer or Rayner all the mineral acreage owned by one O.T. Holmes as follows: ‘... Margaret Hall ... grant, bargain, sell and convey to [Rainer or Rayner] ... the mineral interests ... at any time owned by Owen T. Holmes ... [in the disputed real estate].’
 

 “17. It is further undisputed that O.T. Holmes had conveyed his mineral interests in the disputed acreage by deed dated February 8, 1890, Deed Book X, page 110,
 
 prior
 
 to any conveyance to Margaret Hall.
 

 “18. In short, [Jones-Lowe Company] claims title through the referenced deeds, including the deeds from the State of Alabama. However, the ultimate source of title into either source is Margaret Hall, who had no mineral' interests to convey.”
 

 (Emphasis in original.) SOLEXCO did not support its motion with copies of any of the above-referenced instruments or with any other evidence.
 

 Jones-Lowe filed a cross-motion for a summary judgment. SOLEXCO filed an opposition to the cross-motion, supported only by the affidavit of Woodrow Hobson, Jr., president of SOLEXCO. On July 8, 2008, the circuit court granted SOLEX-CO’s summary-judgment motion and denied Jones-Lowe’s cross-motion. In so doing, the court stated, in pertinent part:
 

 “[SOLEXCO] obtained a tax deed to ‘the minerals and mineral interests’ in
 
 *366
 
 the subject lands from the [Commissioner] on June 28, 1976. The deed is recorded at Deed Book 255, Page 276, in the DeKalb County, Alabama, Probate Office. [SOLEXCO’s] chain of title extends back to 1890, when Owen T. Holmes and wife conveyed the mineral interests in the subject lands to Noble Smithson. The State of. Alabama obtained title to the mineral interests at a tax sale on July 10, 1922, when the owner at that time, Alabama Coal and Iron Company, became delinquent in the payment of taxes.
 

 “[SOLEXCO] also makes claim to the mineral interests through a chain of title commencing with a conveyance from Alabama Coal & Iron Company in 1926 to Cherokee Mining Co., Inc., recorded at Deed Book 60, Page 484; Cherokee Mining Co., Inc., to J.S. Cullinan, II, and Craig F. Cullinan, Jr., on April 9, 1974, recorded at Deed Book 246, Page 497; J.S. Cullinan, II, to Sue Woodall Culli-nan, on April 25, 1975, recorded at Deed Book 250, Page 189; Sue Woodall Culli-nan, Joseph S. Cullinan, II, and Craig F. Cullinan, Jr., to plaintiff SOLEXCO, on May 6, 1983, recorded at Deed Book 287, Page 781; Sue Woodall Cullinan and Craig F. Cullinan, Jr., to plaintiff [SOLEXCO], on May 16, 1983, recorded at Deed Book 287, Page 783; Joseph S. Cullinan, II, and wife, Sue Woodall Cul-linan, and Craig F. Cullinan, Jr., to plaintiff [SOLEXCO], on May 6, 1983, recorded at Deed Book 287, Page 777. (All recordings are in the DeKalb County, Alabama Probate Office.)
 

 [[Image here]]
 

 “The interest claimed by [Jones-Lowe Company] descends from a deed executed by Margaret Hall in 1919 to a grantee named ‘Rainer’ or ‘Rayner.’ This deed sought to convey all mineral acreage ‘at any time owned by O.T. Holmes’ in the subject lands. O.T. Holmes, however, had previously conveyed his interest in the subject minerals to Noble Smithson by deed dated February 8, 1890, recorded at Deed Box X, Page 110, DeKalb County Probate Office. It follows that Margaret Hall had no interest to convey when she executed the deed to Rainer/Rayner.
 

 [[Image here]]
 

 “The rule of repose asserted by [Jones-Lowe], which serves as a bar to claims that are unasserted for twenty years cannot be used against one with valid record title by one who clearly does not have title.
 
 Oehmig v. Johnson,
 
 638 So.2d 846 (Ala.1994).
 
 In this case, [SOLEXCO] has valid record title and Jones-Lowe [Company] does not.
 

 “As to Jones-Lowe’s claim that [SO-LEXCO] had notice, actual or constructive, of the interest claimed by [Jones-Lowe Company] when [SOLEXCO] obtained its tax deed in 1976, the court finds that notice, without more, cannot make [SOLEXCO’s] unbroken chain of record title dating back to 1890 inferior to [Jones-Lowe Company’s] defective color of title emanating from a source who had no title to convey.”
 

 (Emphasis added.)
 

 On appeal, Jones-Lowe argues, among other things, that SOLEXCO failed to satisfy its burden with regard to SOLEXCO’s summary-judgment motion and that, instead, Jones-Lowe is entitled to a summary judgment. “Accordingly,” says Jones-Lowe, “it is appropriate for the Court to reverse the judgment of the trial court and render judgment quieting title to all mineral interests in ... Jones-Lowe [Company]. Alternatively, the judgment in favor of SOLEXCO cannot be sustained and must be, at a minimum, reversed and [the case] remanded.” Jones-Lowe’s brief, at 28.
 

 
 *367
 

 II. Discussion
 

 “The plaintiff in a quiet-title action must present evidence to support ‘a peaceable possession in the [plaintiff] as contra-distinguished from a contested, disputed or scrambling possession.’ ”
 
 Woodland Grove Baptist Church v. Woodland Grove Cmty. Cemetery Ass’n,
 
 947 So.2d 1031, 1038 (Ala.2006) (quoting
 
 Price v. Robinson,
 
 242 Ala. 626, 627, 7 So.2d 568, 569 (1942)). The resolution of this appeal is informed by the respective summary-judgment burdens borne by
 
 each side
 
 in its quest for a judgment quieting title in its favor. We first examine whether SOLEX-CO carried its burden as the summary-judgment movant.
 

 A. SOLEXCO as Movant
 

 “ ‘ “[T]he manner in which the [summary-judgment] movant’s burden of production is met depends upon which party has the burden of proof ... at trial.” ’
 
 Ex parte General Motors Corp.,
 
 769 So.2d 903, 909 (Ala.1999) (quoting
 
 Berner v. Caldwell,
 
 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially)). If ... ‘ “the movant has the ■burden of proof at trial, the movant must support his motion with credible evidence, using any of the material specified in Rule 56(c), [Ala.] R. Civ. P. (‘pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits’).” ’ 769 So.2d at 909. ‘ “The movant’s proof must be such that he would be entitled to a directed verdict [now referred to as a judgment as a matter of law, see Rule 50, Ala. R. Civ. P.] if this evidence was not controverted at trial.” ’
 
 Id.
 
 In other words, ‘when the movant has the burden [of proof at trial], its
 
 own submissions
 
 in support of the motion must entitle it to judgment as a matter of law.’
 
 Albee Tomato, Inc. v. A.B. Shalom Produce Corp.,
 
 155 F.3d 612, 618 (2d Cir.1998) (emphasis added). See also
 
 Equal Employment Opportunity Comm’n v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico,
 
 279 F.3d 49 (1st Cir.2002);
 
 Rushing v. Kansas City Southern Ry.,
 
 185 F.3d 496 (5th Cir.1999);
 
 Fontenot v. Upjohn Co.,
 
 780 F.2d 1190 (5th Cir.1986);
 
 Calderone v. United States,
 
 799 F.2d 254 (6th Cir.1986).”
 

 Denmark v. Mercantile Stores Co.,
 
 844 So.2d 1189, 1195 (Ala.2002).
 

 Moreover, Rule 56(c), Ala. R. Civ. P., requires that the movant’s narrative summary of facts “ ‘include
 
 specific references
 
 to pleadings, portions of discovery materials, or affidavits for the court to rely on in determining whether’ ” a summary judgment is proper.
 
 Horn v. Fadal Machining Ctrs., LLC,
 
 972 So.2d 63, 69-70 (Ala.2007) (quoting
 
 Northwest Florida Truss, Inc. v. Baldwin County Comm’n,
 
 782 So.2d 274, 277 (Ala.2000)). This requirement is not satisfied if the materials on which the movant purports to rely have not been filed with the court.
 

 “ ‘[T]he party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden, then he is not entitled to judgment.
 
 No [response] to an insufficient showing is required.’
 
 ”
 
 Horn,
 
 972 So.2d at 69 (quoting
 
 Ray v. Midfield Park, Inc.,
 
 293 Ala. 609, 612, 308 So.2d 686, 688 (1975)). Otherwise stated, “[a] motion that does not comply with Rule 56(c) does not require a response ... from the nonmovant,” and a judgment may not be entered on such a motion even in the absence of a response from the nonmovant.
 
 Horn,
 
 972 So.2d at 70.
 

 Jones-Lowe contends that SO-LEXCO failed to satisfy its initial burden
 
 *368
 
 of showing “through competent evidence that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law.” Jones-Lowe’s reply-brief, at 14. Consequently, according to Jones-Lowe, “the burden never shifted[,] .... [tjhat is, Jones-Lowe was not required to substantively oppose SOLEX-CO’s motion due to its fatal procedural failure.” Jones-Lowe’s reply brief, at 14. We agree.
 

 The burden was upon SOLEXCO, as the party seeking a summary judgment on the claim asserted in its complaint, to present
 
 evidence
 
 in the nature of “the material specified in Rule 56(c), [Ala.] R. Civ. P.,” such as depositions and affidavits, that would entitle it to a judgment as a matter of law “if this evidence was not controverted at trial.”
 
 Denmark,
 
 844 So.2d at 1195. This it did not do. Although it purported to rely on various deeds
 
 allegedly filed, in the probate court,
 
 SOLEXCO provided no copies of any such deeds to the circuit coui’t in support of its motion averments.
 

 SOLEXCO’s motion averments are not evidence in any sense. The following principles are well settled:
 

 “ ‘Motions and arguments of counsel are
 
 not evidence.’ Williams v. Akzo Nobel Chemicals, Inc.,
 
 999 S.W.2d 836, 845 (Tex.App.1999). ‘[Statements in motions are
 
 not evidence and, are therefore not entitled to evidentiary weight.’ Singh v. Immigration & Naturalization Serv.,
 
 213 F.3d 1050, 1054 n. 8 (9th Cir.2000). ‘[B]riefs submitted in support of motions are
 
 not evidence to be considered by the Court in resolving a summary judgment, motion,.’ Direct Media Corp. v. Camden Tel. & Tel. Co.,
 
 989 F.Supp. 1211, 1217 (S.D.Ga.1997).”
 

 Fountain Fin., Inc. v. Hines,
 
 788 So.2d 155, 159 (Ala.2000) (emphasis added).
 

 It is obvious that the circuit court relied almost exclusively on the motion aver-ments as the basis for its judgment. That judgment was based on the conclusion that there was — in fact — a conveyance of the mineral rights from O.T. Holmes in 1890,
 
 before
 
 Margaret Hall allegedly attempted to convey that interest outside the chain of title in 1919. It was for that reason, according to the circuit court, that SOLEX-CO’s title was superior “to [Jones-Lowe Company’s]
 
 defective
 
 color of title emanating from a source who had no title to convey.” (Emphasis added.) Because these and other such naked averments were not “facts” before the court, the circuit court erred in entering a summary judgment for SOLEXCO. That judgment is, therefore, reversed.
 

 B. Jones-Lowe as Cross-Movant
 

 The fact that SOLEXCO is not entitled to a summary judgment quieting title in it does not mean that Jones-Lowe is entitled to such a judgment on its cross-motion. In a quiet-title action, “[i]f the complainant fails to make his proof of peaceful possession, he can not have title quieted in him .... [But] ... if the respondent has made an adequate answer
 
 and the proof shows
 
 that he has the better title
 
 and
 
 peaceful possession, then title should be quieted in the respondent .... ”
 
 Hinds v. Slack,
 
 293 Ala. 25, 29, 299 So.2d 717, 720 (1974) (first emphasis added). See also Ala.Code 1975, § 6-6-543 (“The court shall, upon the finding of the jury or upon [its own] consideration and determination [where it sits as the fact-finder], finally adjudge whether the defendant has any right, title, or interest in, or encumbrance upon, such lands, ... [and] what such right, title, interest, or encumbrance is and in or upon what part of the lands the same exits; and such judgment is binding and conclusive upon all the parties to the action.”). Thus, as the summary-judgment cross-movant, Jones-Lowe bears
 
 *369
 
 the burden of showing more than the existence of a genuine issue of material fact as to SOLEXCO’s quiet-title claim. Jones-Lowe must affirmatively show that it is entitled to a judgment as a matter of law on its own quiet-title claim. This it has not done.
 

 The motions and responses filed by Jones-Lowe in regard to the summary judgments sought by the respective sides contained no
 
 argument
 
 that Jones-Lowe Company has peaceful possession of the mineral rights, or that SOLEXCO does
 
 not
 
 have the requisite peaceful possession. They contain only two or three isolated,
 
 conclusory assertions
 
 that Jones-Lowe Company is in possession. Jones-Lowe did not, for example, attempt to inform the circuit court how Jones-Lowe Company has peaceful possession of minerals that have undisputedly never been severed from the land. The briefs Jones-Lowe filed in this Court are somewhat more enlightening in these respects. However, reversal of the circuit court’s judgment predicated on the arguments in those briefs would, of necessity, be on a ground never argued in the circuit court.
 

 The same is true of the argument Jones-Lowe now makes in this Court that SOLEXCO’s action is barred by the common-law rule of repose. In the circuit court, SOLEXCO argued that it was not “ ‘time-barred’ from seeking a judicial declaration of its title,” on the authority of
 
 Oehmig v. Johnson,
 
 638 So.2d 846 (Ala.1994),
 
 [2]
 
 which the circuit court cited in support of its judgment. Jones-Lowe did not respond to this argument but merely stated: “Also, the doctrine of prescription and repose fit this case since more than 20 years have lapsed without action.”
 

 The principle is well settled that, “ ‘on an appeal from a summary judgment, this Court cannot hold the trial court in error on the basis of arguments made for the first time on appeal.’ ”
 
 Cain v. Howorth,
 
 877 So.2d 566, 578 (Ala.2003) (quoting
 
 Ex parte Elba Gen. Hosp. & Nursing Home, Inc.,
 
 828 So.2d 308, 312 (Ala.2001)). See also
 
 Barnett v. Funding Plus of America, Inc.,
 
 740 So.2d 1069 (Ala.1999);
 
 West Town Plaza
 
 Assocs.,
 
 Ltd. v. Wal-Mart Stores, Inc.,
 
 619 So.2d 1290 (Ala.1993). Thus, we do not consider Jones-Lowe’s arguments regarding peaceful possession or the rule of repose.
 

 In the circuit court, Jones-Lowe presented only two arguments directed to the issue of Jones-Lowe Company’s alleged superiority of title. Specifically, it argued for the application of (1) the doctrine of laches, and (2) Ala.Code 1975, § 6-2-33, with its 10-year statute of limitations. However,
 
 neither
 
 of these arguments is made on appeal. Therefore, they are waived.
 
 Avis Rent A Car Sys., Inc. v. Heilman,
 
 876 So.2d 1111, 1124 n. 8 (Ala.2003) (“An argument not made on appeal is abandoned or waived.”);
 
 Bettis v. Thornton,
 
 662 So.2d 256, 257 (Ala.1995);
 
 Pardue v. Potter,
 
 632 So.2d 470, 473 (Ala.1994). For these reasons, the circuit court did not err in denying Jones-Lowe’s motion for a summary judgment.
 

 III. Conclusion
 

 In summary, because the circuit court improperly relied on the unsupported arguments of SOLEXCO’s counsel as the basis for its judgment, it erred in granting SOLEXCO’s motion for a summary judgment. That judgment is, therefore, reversed. However, because the arguments advanced by Jones-Lowe for a judgment quieting title in Jones-Lowe Company have either been abandoned or are made for the first time on appeal, Jones-Lowe
 
 *370
 
 has not demonstrated that it is entitled to a summary judgment. For these reasons, the cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . G.W. Jones & Sons is apparently a predecessor-in-interest to Jones-Lowe Company. Although G.W. Jones & Sons is no longer a partnership, SOLEXCO named that entity in its complaint, and the entity is also listed as an appellant.
 

 [2]
 

 . We express no view as to the applicability of
 
 Oehmig
 
 to this case.